AEE

FILED
DECEMBER 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | **07 C 7155** |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) ) ) | |
| RENZENBERGER, INC. | ) ) | JUDGE MORAN |
| | ) | COMPLAINT  MAGISTRATE JUDGE COLE |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a class of employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant Renzenberger, Inc. ("Renzenberger") discriminated against Valerie Johnson ("Johnson") and a class of female employees by subjecting them to discrimination and harassment because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of

Illinois, Eastern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Renzenberger has continuously been and is now doing business in the State of Illinois in the city of Melrose Park, and has continuously had at least fifteen (15) employees.

5.  At all relevant times, Defendant Renzenberger has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Renzenberger. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least 1998, Defendant has engaged in unlawful employment practices at its restaurant in Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include, but are not limited to: subjecting Johnson and a class of female employees to discrimination and harassment because of their sex.

8.  The effect of the practices complained of in paragraph seven (7) above has been to deprive Johnson and a class of female employees of equal employment opportunities and

2

otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph seven (7) were and are intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Johnson and a class of employees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Renzenberger, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B. Order Defendant Renzenberger to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Renzenberger to make whole a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D. Order Defendant Renzenberger to make whole a class of female employees by providing compensation for past and future non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

E. Order Defendant Renzenberger to pay a class of female employees punitive

damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

 F. Grant such further relief as the Court deems necessary and proper in the public interest; and

 G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

   Respectfully submitted,

   RONALD S. COOPER
   General Counsel
   GWENDOLYN YOUNG REAMS
   Associate General Counsel
   EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
   1801 "L" Street, N.W.
   Washington, D.C. 20507

   _____/s John C. Hendrickson_____
   John C. Hendrickson
   Regional Attorney


   _____/s Diane I. Smason_____
   Diane I. Smason
   Supervisory Trial Attorney


   _____/s Jeanne B. Szromba___
   Jeanne B. Szromba
   Trial Attorney
   EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
   500 West Madison Street
   Suite 2800
   Chicago, Illinois 60661
   (312) 353-7546