**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO. 07 C 7155** |
| | ) | |
| v. | ) | |
| | ) | |
| **RENZENBERGER, INC.** | ) | **FIRST AMENDED COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to

correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a

class of employees who were adversely affected by such practices.  Plaintiff, the United States

Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that

Defendant Renzenberger, Inc. ("Renzenberger") discriminated against Valerie Johnson

("Johnson") and a class of female employees by subjecting them to discrimination and

harassment because of their sex.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Northern District of

Illinois, Eastern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Renzenberger has continuously been and is now doing business in the State of Illinois in the city of Melrose Park, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Renzenberger has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Renzenberger.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least 2002, Defendant has engaged in unlawful employment practices at its facility in Melrose Park, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Such unlawful employment practices include, but are not limited to: subjecting Johnson and a class of female employees to discrimination and harassment because of their sex.

8.      The effect of the practices complained of in paragraph seven (7) above has been to deprive Johnson and a class of female employees of equal employment opportunities and

2

otherwise adversely affect their status as employees because of their sex.

9.      The unlawful employment practices complained of in paragraph seven (7) were and are intentional.

10.     The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Johnson and a class of employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Renzenberger, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex;

B.      Order Defendant Renzenberger to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant Renzenberger to make whole a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D.      Order Defendant Renzenberger to make whole a class of female employees by providing compensation for past and future non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

E.      Order Defendant Renzenberger to pay a class of female employees punitive

3

damages for its malicious and/or reckless conduct described above, in amounts to be determined

at trial;

      F.      Grant such further relief as the Court deems necessary and proper in the public

interest; and

      G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

          Respectfully submitted,

          RONALD S. COOPER
          General Counsel
          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
          1801 "L" Street, N.W.
          Washington, D.C.  20507

          _____/s John C. Hendrickson_____
          John C. Hendrickson
          Regional Attorney

          _____/s Diane I. Smason_____
          Diane I. Smason
          Supervisory Trial Attorney

          _____/s Jeanne B. Szromba___
          Jeanne B. Szromba
          Trial Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
           COMMISSION
          500 West Madison Street
          Suite 2800
          Chicago, Illinois 60661
          (312) 353-7546