IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Case No. 07 C 7155<br>Judge Moran<br>Magistrate Judge Cole |
| RENZENBERGER, INC., ) ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant, Renzenberger, Inc. ("Renzenberger" or the "Company"), by and through its attorneys, and for its Answer to Plaintiff's First Amended Complaint, states as follows:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to a class of employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant Renzenberger, Inc. ("Renzenberger") discriminated against Valerie Johnson ("Johnson") and a class of female employees by subjecting them to discrimination and harassment because of their sex.

**ANSWER:**

Defendant admits the jurisdictional allegations contained in the preamble of Plaintiff's First Amended Complaint, but denies that it engaged in any unlawful conduct, and denies that the EEOC, Johnson, or any alleged class of female employees is entitled to relief or judgment in their favor.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 1, but denies that it engaged in any unlawful employment practices and denies that the EEOC, Johnson, or any alleged class of female employees is entitled to any relief or judgment in their favor.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**ANSWER:**

Defendant admits the jurisdictional allegations contained in Paragraph 2 but denies that it engaged in any unlawful conduct and denies that the EEOC, Johnson, and any alleged class of female employees is entitled to any relief or judgment in their favor.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(I) and (3).

**ANSWER:**

Defendant admits the allegations contained in Paragraph 3.

4. At all relevant times, Defendant Renzenberger has continuously been and is now doing business in the State of Illinois in the city of Melrose Park, and has continuously had at least fifteen (15) employees.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 4.

5. At all relevant times, Defendant Renzenberger has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

**ANSWER:**

Defendant admits the allegations contained in Paragraph 5.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Renzenberger. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 6.

7. Since at least 2002, Defendant has engaged in unlawful employment practices at its facility in Melrose Park, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Such unlawful employment practices include, but are not limited to: subjecting Johnson and a class of female employees to discrimination and harassment because of their sex.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 7.

8. The effect of the practices complained of in paragraph seven (7) above has been to deprive Johnson and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 8.

9. The unlawful employment practices complained of in paragraph seven (7) were and are intentional.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 9.

10. The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Johnson and a class of employees.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 10.

**AFFIRMATIVE DEFENSES**

1. With respect to claims for monetary relief, and to the extent that any member of the class (including Johnson) was terminated and is seeking damages for back pay, Defendant is entitled to a set-off for sums earned by any member of the alleged class since their termination(s).

2. Each member of the alleged class, including Johnson, is obligated to mitigate her alleged damages with respect to claims for monetary relief. Those claims should be barred or, in the alternative, reduced if there has been a failure to mitigate those damages.

3. Punitive damages are not recoverable because Defendant cannot be vicariously liable for the alleged discriminatory employment decisions of its agents since those decisions, if any, were contrary to Defendant's good-faith efforts to comply with Title VII of the Civil Rights Act of 1964, as amended.

4. Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and the alleged class members, including Johnson, unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

5. Punitive damages are unavailable under Title VII of the Civil Rights Act of 1964, because Plaintiff cannot demonstrate that Defendant engaged in intentional discrimination with malice or with reckless indifference to the federally protected rights of any alleged class member, including Johnson.

6. Plaintiff is precluded from recovering for any discriminatory acts alleged to have occurred more than 300 days prior to the filing of Johnson's EEOC Charge of Discrimination.

7. The alleged sexually harassing conduct was not sufficiently severe or pervasive enough so as to alter the terms and conditions of their employment of any of the alleged class members, including Johnson.

8. The alleged sexually harassing conduct was not unwelcome.

9. Pursuant to 42 U.S.C. §1981a(c), a complaining party is entitled to a jury trial if it seeks compensatory or punitive damages. Because Defendant acted in good faith under 42 U.S.C. §1981a(a)(3) and, therefore, Plaintiff cannot recover compensatory or punitive damages, Plaintiff is also not entitled to a trial before a jury. Defendant reserves its right to move to strike and dismiss Plaintiff's request for a jury trial pending a finding by this court that Defendant acted in good faith pursuant to 42 U.S.C. §1981a(a)(3).

10. The individual(s) accused of harassment in this case are not supervisors.

11. No member of the alleged class, including Johnson, suffered any adverse employment action.

Dated: February 27, 2008                             Renzenberger, Inc.


                                                     By:   /s/ Clifford R. Perry III
                                                           Clifford R. Perry III

Clifford R. Perry III (06204955)
Heather R.M. Becker (06280584)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

5

## **CERTIFICATE OF SERVICE**

Clifford R. Perry III, an attorney, hereby certifies that he caused the Defendant's Answer to Plaintiff's First Amended Complaint in the above-captioned matter to be served on the parties of record listed below, via Electronic Filing to John C. Hendrickson, Diane I. Smason and Jeanne B. Szromba, through the U.S. District Court, Northern District of Illinois on this 27th day of February 2008, addressed to:

> Jeanne B. Szromba, Esq.
> jeanne.szromba@eeoc.gov
> John C. Hendrickson, Esq.
> John.hendrickson@eeoc.gov
> Diane I. Smason, Esq.
> diane.smason@eeoc.gov
> EEOC
> 500 West Madison Street
> Suite 2800
> Chicago, IL 60661

> /s/ Clifford R. Perry III
> Clifford R. Perry III