IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION NO. 07 C 7155 |
| v. ) | |
| ) | Judge James B. Moran |
| RENZENBERGER, INC. ) | Magistrate Judge Jeffrey Cole |
|     Defendant. ) | |

**PLAINTIFF-INTERVENOR'S MOTION TO INTERVENE**

Plaintiff-Intervenor, VALERIE JOHNSON, by her attorneys, THE LAW OFFICES OF ROSS J. PETERS, LTD., hereby moves the Court for an entry of an Order allowing her to intervene in this action, and in support thereof states as follows:

1. The United States Equal Employment Opportunity Commission (EEOC) filed a complaint against Renzenberger, Inc. on or about January 2, 2008, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to a class of women, including Valerie Johnson, who was a victim of sexual harassment. Plaintiff, the U.S. Equal Employment Opportunity Commission, contends that Defendant, Renzenberger, Inc., discriminated against female employees by subjecting them to sexual harassment in violation of Title VII. The complaint filed by the Commission is attached hereto as "Group Exhibit A" and incorporated herein by this reference.

2. The basis of the EEOC's claim arises from the Defendant Renzenberger, Inc.'s actions against Valerie Johnson while she was employed there.

3.     Valerie Johnson has a pecuniary interest in the present suit against the Defendant for violations of her federally protected rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. 1981a.  For the time being, Valerie Johnson realleges the allegations of "Group Exhibit A" as her complaint.

4.     The interest of Valerie Johnson in the present claim is different from the interest of the EEOC in that Valerie Johnson suffered severe emotional and pecuniary harm as a direct result of Defendant Renzenberger, Inc.'s unlawful employment actions. The EEOC was not directly harmed, the EEOC cannot enter into a confidential settlement agreement with Renzenberger, Inc., and the EEOC is primarily concerned with injunctive relief while Valerie Johnson is primarily concerned with monetary relief.

5.     Valerie Johnson can support her claims against the Defendant.  The claims arise out of the same facts as those in the lawsuit filed by the EEOC.

6.     Without the presence of Valerie Johnson, as an intervenor, the disposition of the present lawsuit would impair or impede her ability to protect her interest in her claims.  Valerie Johnson may intervene as a matter of right with respect to her claims pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

7.     Assuming arguendo, the intervention is not permitted as a matter of right under Rule 24(a), the Court may allow the intervention under Rule 24(b) which relates to permissive intervention.

WHEREFORE, Valerie Johnson respectfully requests that this Honorable Court grant her leave to intervene as Plaintiff-Intervenor in the above referenced case and for such other relief as this

Court deems appropriate.

                                                  Respectfully submitted,

                                                  Valerie Johnson

                                          By:    s/   Ross J. Peters
                                                            Ross J. Peters, One of her Attorneys

Dated: April 15, 2008

The Law Offices of Ross J. Peters, Ltd.
A Professional Corporation
33 North County Street - Suite 402
Waukegan, Illinois 60085
847-625-1854
Atty. No. 03126326