

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY ) 
COMMISSION, )
                           )
            Plaintiff, )
                           )
and )
                           )
VALERIE JOHNSON, )   Case No. 07 C 7155
                           )
       Plaintiff-Intervenor, )   Judge Moran
                           )   Magistrate Judge Cole
         v. )
                           )
RENZENBERGER, INC., )
                           )
          Defendant. )

## CONSENT DECREE

### THE LITIGATION

1.      Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendant Renzenberger, Inc. ("Renzenberger") violated Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by discriminating against Valerie Johnson ("Johnson") and a group of female employees on the basis of their sex. Specifically, the EEOC alleged that Defendant violated Title VII by harassing Johnson and a group of female employees (collectively, "Class Members") on the basis of their gender and permitting their complaints about harassment to go unaddressed. Johnson, represented by The Law Offices of Ross J. Peters, Ltd., filed an Intervenor's Complaint ("Intervenor's Complaint"), alleging that Renzenberger violated Title VII by subjecting her to unlawful sexual harassment, sex discrimination, and retaliation.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaints filed by the EEOC and Johnson in this action.

## FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.      This Court has jurisdiction of the subject matter of this action and of the parties.

b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Johnson, Renzenberger, the Class Members and the public interest are adequately protected by this Decree.

c.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the Class Members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST SEX DISCRIMINATION

4.      Defendant and its officers, agents, management, successors and assigns, are hereby enjoined from discriminating against employees on the basis of their sex.

## NON-RETALIATION

5.      Defendant, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because

such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

### MONETARY RELIEF

6.      Renzenberger shall pay an aggregate of $150,000.00 to the Class Members as follows:

a.      After the Consent Decree has been entered and within ten (10) business days after Renzenberger receives release forms executed by Valerie Johnson and Nicole Stevens, Renzenberger shall send by certified mail, the following checks to The Law Offices of Ross J. Peters, Ltd., 33 North County Street, Suite 402, Waukegan, IL 60085:

i       $25,000 made payable to Valerie Johnson;

ii      $25,000 made payable to Nicole Stevens; and

iii     $25,000 made payable to The Law Offices of Ross J. Peters, Ltd., as and for attorneys fees in representing Intervenor Johnson and class member Stevens.

Renzenberger shall send a copy of these checks to the EEOC within five (5) business days of sending the checks to The Law Offices of Ross J. Peters, Ltd. The EEOC did not participate in any negotiations regarding Johnson's and Steven's releases, has not counseled them regarding the releases, and has not approved the releases.

b.      Within five (5) business days after entry of this decree, the EEOC will mail to the remaining Class Members a copy of the Release Agreement attached as Exhibit A. Within ten (10) business days after receipt by Renzenberger of a signed Release Agreement, Renzenberger shall issue and mail by certified mail to the Class Member who signed the Agreement a check in the amount stated below. Renzenberger shall also mail a copy of each check to the EEOC within five (5) business days of sending the check to the Class Member. The

Case 1:07-cv-07155     Document 24-2     Filed 08/18/2008     Page 4 of 10

EEOC shall provide Renzenberger with current addresses for each Class Member. Renzenberger will issue IRS Form 1099s with respect to these payments.

| Class Member Name | Amount |
|---|---|
| Camilla Warrix | $ 20,000.00 |
| Nicole Davis | $ 20,000.00 |
| Gloria Harris | $ 20,000.00 |
| Kahnita Mitchell | $ 7,500.00 |
| Tameka Shelton | $ 7,500.00 |

## CESSATION OF OPERATIONS

7.     Defendant hereby represents and warrants that, as of September 1, 2008, it will have ceased operations at its Melrose Park, Illinois facility, will have no employees at that location, will have ceased conducting business at that location, and has no present intention to resume operations in the future at that location. In the event that Defendant resumes operations at the Melrose Park, Illinois facility within 3 years of the date that this consent decree is entered, Defendant shall be required to take the actions set forth in paragraphs 8–15 below for the remainder of the three-year period. Defendant's obligation to abide by paragraphs 8-15 below will expire three (3) years from the date that this Consent Decree is entered, irrespective of whether it resumes operations at the Melrose Park, Illinois facility. Defendant shall notify the EEOC within thirty (30) days of the date it resumes operations in Melrose Park.

## POSTING OF NOTICE

8.     Within ten (10) business days of the entry of this Consent Decree, Defendant shall post a same-size copy of the Notice attached as Exhibit B to this Consent Decree in its Melrose Park, Illinois facility in a location where notices to employees and applicants for employment are normally posted. The Notice shall remain posted for three (3) years from the date of entry of this Consent Decree. Defendant shall each take all reasonable steps to ensure that its posting is not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in

Case 1:07-cv-07155    Document 24-2    Filed 08/18/2008    Page 5 of 10

writing that the copy of the Notice has been properly posted. Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## RECORD KEEPING

9.      For a period of three (3) years following the entry of this Decree, Defendant shall maintain records of each complaint of sexual harassment made by its employees at its Melrose Park, Illinois location. Such records shall indicate the date the complaint was made, who made it, what was alleged, and what actions Defendant took, if any, to resolve the matter.

10.     Defendant shall make all documents or records referred to in Paragraph 8 above, available for inspection and copying within ten (10) business days after the EEOC so requests.

## REPORTING

11.     Defendant shall furnish to the EEOC written reports semi-annually for a period of three (3) years following the entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due thirty-five (35) months after entry of the Decree. Each such report shall contain a summary of the information recorded by Defendant pursuant to Paragraph 8.

## TRAINING

12.     During each of the three (3) years covered by this Decree, all employees, including all managers, assistant managers, and supervisors of Defendant's Melrose Park, Illinois location, shall participate in an annual training session by a trainer paid for by Defendant and approved by the EEOC regarding sex harassment. The first training shall take place within ninety (90) days of the entry of this Decree.

13.     Defendant shall obtain the EEOC's approval of its proposed trainer(s) prior to the training session. Defendant shall submit the name, address, telephone number, resume, training

proposal, and any materials to be distributed to the participants, to the EEOC at least fifteen (15) days prior to the proposed date(s) of the training. The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event the EEOC does not approve Defendant's designated trainer(s), Defendant shall have five (5) calendar days to identify an alternate trainer(s). The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer(s). If the parties cannot through this process agree on a trainer(s), then they may seek the Court's assistance under Paragraph 14.

14. Defendant shall certify to the EEOC in writing within five (5) business days after each training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of an attendance list, which shall include the name and position of each person in attendance. Defendant shall provide EEOC with copies of all materials distributed to the participants if different from those materials previously provided.

## DISPUTE RESOLUTION

15. In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

16. All provisions of this Decree shall be in effect (and the Court will retain

jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 14, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

MISCELLANEOUS PROVISIONS

17.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

18.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree. Certifications made by Renzenberger must be made under oath.

19.     When this Decree requires the submission by Renzenberger of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to:  Jeanne Szromba, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Renzenberger, they shall be mailed to:  Clifford R. Perry III, Esq., Laner Muchin, 515 North State Street, Suite 2800, Chicago, Illinois, 60610.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Chicago District Office
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
(312) 353-7546

/s John Hendrickson
JOHN C. HENDRICKSON
Regional Attorney

/s Diane I. Smason
DIANE I. SMASON
Supervisory Trial Attorney

/s Jeanne B. Szromba
JEANNE B. SZROMBA
Trial Attorney

ENTER:

The Honorable Charles R. Noggle
United States District Judge

For VALERIE JOHNSON

/s Ross J. Peters
Ross J. Peters
The Law Offices of Ross J. Peters, Ltd.

For RENZENBERGER, INC.

/s Clifford R. Perry III
Clifford R. Perry III
Laner Muchin

DATE: 8/19/08

## EXHIBIT A

### RELEASE AGREEMENT

I, _____, in consideration for $ _____ paid to me by

Renzenberger, Inc., in connection with the resolution of <u>EEOC v. Renzenberger, Inc.</u>, No. 08 C

7155 (N.D. Ill.), waive my right to recover for any claims of sex harassment arising under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>, that I had against

Renzenberger, Inc. prior to the date of this release and that were included in the claims alleged in

EEOC's complaint in <u>EEOC v. Renzenberger, Inc.</u>, No. 08 C 7155 (N.D. Ill.).


Date: _____    Signature: _____

## EXHIBIT B

## NOTICE TO ALL RENZENBERGER EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Renzenberger, Inc., Case No. 08-7155, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Renzenberger, Inc. ("Renzenberger").

In its suit, the EEOC alleged that Renzenberger discriminated against female employees by tolerating sexual harassment at its Melrose Park facility.

To resolve the claims against Renzenberger, Renzenberger and the EEOC have entered into a Consent Decree which provides, among other things, that:

1)      Renzenberger has paid $150,000.00 as a monetary settlement to the victims of sex harassment;

2)      Renzenberger will not discriminate on the basis of sex;

3)      Renzenberger will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination or participated in any Title VII proceeding; and

4)      Renzenberger will provide training to its employees regarding sex discrimination and its policy against sex discrimination;

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three years from the date below and must not be altered, defaced of covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Renzenberger Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**

_____                    _____
Date                                                           Honorable Judge Norgle